## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TEENA FOSTER, | ) | |
| | ) | **8:05CV550** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEDIATION REFERENCE ORDER** |
| | ) | |
| MUTUAL OF OMAHA | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' stipulation for an order to stay proceedings (Filing No. 8). The parties represent to the court that they have agreed to mediate this matter and request a stay of proceedings for a period of sixty (60) days from the date of a Mediation Reference Order. Upon consideration, the motion will be granted as set for below.

**IT IS ORDERED:**

1.      The parties' stipulation for an order to stay proceedings (Filing No. 8) is granted as set forth below.

In accordance with the Mediation Plan for the United States District Court - District of Nebraska (Plan), as amended January 30, 2004, regarding court-annexed mediation:

**IT IS FURTHER ORDERED:**

1.      This case is referred for mediation to the following mediator approved by the court:

John C. Brownrigg
Erickson & Sederstrom, P.C.
10330 Regency Parkway Drive
Omaha, Nebraska 68114-3761
Telephone:  (402) 397-2200
Fax:  (402) 390-7137

2.      Counsel shall confer regarding scheduling the mediation and the availability of all parties and attorneys, and shall promptly telephone the mediator identified above to arrange the time and place for the mediation session.

3.     Except as otherwise provided herein, all parties, any insurance company having an interest, and their counsel are ordered to attend all mediation sessions scheduled by the mediator.  At least one such person for each party and insurance company shall have full settlement authority.[1]  Such persons and entities are further ordered to prepare for and participate in the mediation in objective good faith.

4.     In preparing for the mediation, counsel shall:

a.     Confer with their clients to assure compliance with paragraph 3 and 5 of this order;

b.     Confer with opposing counsel to:
   i.     Disclose and resolve any problematic circumstances that might give rise to a contention of lack of full settlement authority or a lack of objective good faith;
   ii.    Exchange proposals for settlement, in accordance with paragraph 5, below; and
   iii.   Decide whether to have this action stayed pending the outcome of the mediation in accordance with paragraph 9, below; and

c.     Submit to the mediator a summary of the case, the client's attitude toward settlement, the history of the parties' prior settlement

---

[1] This requires the physical presence of the client or if a corporate, governmental, or organizational entity, a representative of the client who has both full settlement authority and the realistic freedom to exercise it without negative consequences.  Any insurance company that is contractually required to defend or pay damages or which has a subrogation interest must also have a representative present with full settlement authority.  "Full settlement authority" means:
   (a) for a defendant, the representative must have final authority, in the representative's own discretion, to pay a settlement amount up to plaintiff's last prayer, or up to plaintiff's last demand, whichever is lower; (b) for a plaintiff, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to defendant's last offer, whichever is higher; (c) for a client which is controlled by a group, like a board of directors or a claims committee, the representative must have the authority to settle for the group as described above; (d) for an insurance company with a defense or indemnity obligation, the representative must have final authority to commit the company to pay, in the representative's own discretion, an amount up to the plaintiff's last demand if within policy limits, or if not within policy limits, the limits of the policy, whichever is lower; (e) for an insurance company with a subrogation interest in the recovery of party, the representative must have final settlement authority to commit the company to settle, in the representative's own discretion, by dismissal of the interest with prejudice, or to accept a settlement amount down to the opponent's last offer, whichever is lower.
   The purpose of this provision is to have at least one person present for each party who has both the authority to exercise his or her own discretion and the realistic freedom to exercise such discretion without negative consequences, to settle the case at the mediation without consulting someone else who is not present.

negotiations, any pertinent discovery materials and/or case citations that may be useful to the mediator, and information on the client's reasons, other than money, to seek settlement. A copy need not be given opposing counsel.

5.    Prior to the mediation counsel shall exchange proposals for settlement and discuss their clients' respective aims in settlement.  If, as a result of such discussions, counsel for any party is of the view that the parties' positions and interests are so divergent that settlement of the dispute is not realistically possible, counsel shall seek a telephone conference with the mediator and opposing counsel to determine whether the mediation should be cancelled.  Such telephone conference shall be arranged in sufficient time to avoid the incurring of expenses by the parties, representatives, and counsel in attending the mediation session, ordinarily at least three working days before the mediation session. Even if the mediation is cancelled, the parties may be responsible for expenses in accordance with paragraph 10 of this order.  If mediation of this matter is canceled, counsel for the parties shall inform the court by telephone conference or fax on the next business day following the cancellation.

6.    The parties and counsel are reminded that the court may impose sanctions, including dismissal of a claim or defense, monetary sanctions, or such other sanctions as may be authorized  by Fed. R. Civ. P. 16(f), should such persons or entities fail to comply with this order in objective good faith.

7.    Any objection to this order shall be filed within seven  working days, and shall comply with paragraph 3(f) of the Plan.  A copy shall be served on the designated mediator.

8.    Except to the extent modified by this order, the Plan shall be followed by the parties and the court.

9.    Except as may be mutually agreed by all parties and counsel, this case (including compliance with all deadlines in the progression orders, responses to discovery and pending motions, and attendance at pretrial or other scheduled conferences) is stayed until further order.  In the event counsel agree to proceed without a stay, a statement to that effect shall be submitted to the undersigned judge immediately.

10.    The cost of the mediation shall be borne by the parties to the mediation at the rate negotiated by the parties and the mediator in accordance with paragraph 5 of the Plan.

3

Unless otherwise agreed, the plaintiff or plaintiffs shall pay one-half of the mediation fee, and the defendant or defendants shall pay one-half of the fee.  The parties shall arrange with the mediator to determine and pay the mediation fee before, at, or within five working days after the mediation session, or, in the case of a cancelled mediation, within thirty days following the cancellation.  If a party is proceeding in forma pauperis or is unable to pay the costs of mediation, application to incur such expenses, to be reimbursed from the Federal Practice Fund, must be filed before the mediation session.  Judgment for the mediator may be entered for payment of fees or incurred expenses, whether or not the mediation is successful, without advance notice if the fees or expenses are not timely paid.

11.  The Clerk shall bring this file to the attention of the undersigned after sixty (60) days or when notified that the mediation has been completed, whichever first occurs.

12.     The Clerk is directed to provide a copy of this order to all counsel of record and unrepresented parties pursuant to this court's Administrative Procedure For Filing, Signing, and Verifying Pleadings and Papers By Electronic Means in Civil Cases, and to the mediator designated above, enclosing with the latter a copy of the relevant pleadings and the docket sheet for this case which lists the names of the parties and counsel of record.

DATED this 3rd day of February, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge

4